NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT STANLEY GORDON,

Plaintiff-Appellant,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

Defendant-Appellee.

No.    19-17452

D.C. No. 5:10-cv-05399-EJD

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted April 23, 2021**

Before:  GOODWIN, SILVERMAN, and BRESS, Circuit Judges.

Robert Stanley Gordon, proceeding pro se, appeals the district court's

summary judgment for Metropolitan Life Insurance Company ("MetLife")

following MetLife's denial of Gordon's application for long-term disability

benefits under a plan governed by the Employee Retirement Income Security Act

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. We have jurisdiction under 28 U.S.C. § 1291. Where, as here, the district court conducted a de novo review of an ERISA plan administrator's decision, we review for clear error its findings of fact. *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732-33 (9th Cir. 2006). We affirm.

The record supports the district court's finding that Gordon was not "disabled" as defined by the plan, that is, that he was not unable to work at his own occupation for any employer in his local economy during the relevant time period. *See Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (in reviewing for clear error, an appellate court will reverse only if "on the entire evidence," it is "left with the definite and firm conviction that a mistake has been committed").

We do not consider matters raised for the first time on appeal, including Gordon's contention that the administrative record is incomplete. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**